445 So.2d 133 (1984)
STATE of Louisiana, Through the DIVISION OF ADMINISTRATION, Plaintiff-Appellant,
v.
ALGERNON BLAIR, INC., Defendant-Appellee.
No. 83-348.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*134 Hawley & Schexnayder, W. Paul Hawley, Lafayette, for plaintiff-appellant.
Breazealle, Sachse & Wilson, Michael D. Hunt, Baton Rouge, Smith, Currie & Hancock, Bert R. Oastler, Atlanta, Ga., for defendant-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
This contract dispute arises out of the construction of the University Medical Center in Lafayette, Louisiana. The State of Louisiana, through the Division of Administration, as owner, contracted with Algernon Blair, Inc. to construct the Medical Center. The construction contract was entered into on July 7, 1977. Disputes arose between the parties during the construction. Pursuant to the terms of the contract, Blair filed certain claims with the American Arbitration Association. The State subsequently filed suit seeking damages for breach of contract. The district court stayed the proceedings pending arbitration of the dispute, as provided for by the contract. This court affirmed that judgment. State, through the Division of Administration v. Algernon Blair, Inc., 415 So.2d 612 (La.App. 3rd Cir.1982).
The claims of both parties were heard by a panel of arbitrators representing the American Arbitration Association. The proceedings included approximately thirty-five days of hearings, during which a voluminous record was compiled. On November 4, 1982, the arbitrators rendered their award. Blair was awarded the sum of $5,367,988.00. Of this total, $985,414.00 was found by the arbitrators to be due certain subcontractors of Blair. The names of the subcontractors and the amount owed to each were listed in the award. The arbitrators awarded the State the sum of $141,250.00 on its counterclaim against Blair. Costs were assessed against the State. In addition, the arbitrators ordered that interest would accrue on the award at the rate of 12% beginning forty-five days after the date of the award.
On November 30, 1982, Blair filed a petition in the district court to have the award of the arbitrators confirmed pursuant to LSA-R.S. 9:4209. The State filed a motion to vacate the award pursuant to LSA-R.S. 9:4210, or alternatively, to modify or correct the award pursuant to LSA-R.S. 9:4211. The trial court denied the State's motions and confirmed the award of the arbitrators. The State appeals this judgment.
On appeal, the State urges that the trial court erred in refusing to vacate or modify the award of the arbitrators. The alleged error centers around the inclusion of interest in the award. The State claims that, in addition to the future interest awarded by the arbitrators, the amounts awarded Blair and its subcontractors included accrued interest on the amounts owed by the State. The State asserts that the award of interest in any form is prohibited by the contract, and further, that the award of interest against the State is prohibited by the law of Louisiana.
The ground relied upon for vacating the award appears in LSA-R.S. 9:4210, which provides in pertinent part:
"In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.

*135 . . . .
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
The State asserts that the arbitrators exceeded their authority in awarding interest, and that the trial court erred in refusing to vacate the award on that ground.
The grounds for modification or correction of an arbitration award are found in LSA-R.S. 9:4211:
"In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties."
The State bases its motion to modify or correct the award on the alleged inclusion in the award of accrued interest on the amounts owed Blair by the State. Because the contract in question provided that no payments for interest on amounts owed either party would be due under the contract, the State urges that the inclusion of such interest in the award resulted from either an evident miscalculation or an award upon a matter not submitted to the arbitrators.

ACCRUED INTEREST
A factual dispute exists as to whether the award of the arbitrators included accrued interest on the money owed to Blair and the subcontractors. Blair was awarded the sum of $5,367,988.00. The award designated $985,414.00 of this total as being due to subcontractors of Blair. The amount owed each subcontractor was set out in the award. However, none of the amounts awarded Blair or the subcontractors were itemized. It is thus impossible to determine which elements of each claim were allowed or disallowed. More importantly, it is impossible to determine whether any of the amounts awarded included accrued interest. Nevertheless, the State contends that certain awards necessarily include accrued interest.
In support of this contention, the State points to a post-hearing brief submitted by Blair to the arbitrators prior to the rendition of the award. The brief contains a summary of Blair's claims against the State, and delineates the amounts claimed for labor, materials, insurance and other costs, as well as the amounts claimed on behalf of the various subcontractors. The summary of claims also included a claim for accrued interest. This summary reflects a total claim by Blair and its sub-contractors, excluding interest, of $5,992,251.00, which amount exceeds that ultimately awarded by the arbitrators. The thrust of the State's argument is that the amount awarded to Blair alone (the total award less amounts actually awarded to subcontractors) must have included interest, because the amount awarded exceeds the sum of the other elements of Blair's claim as summarized in brief. We reject this argument.
The State would have us rely on figures appearing in the brief submitted by Blair to the arbitrators, to the exclusion of the testimony taken in thirty five days of hearings before the panel. We do not have the benefit of a transcript of the arbitration proceedings. Thus, we do not know what claims were submitted to the panel, the manner in which they were presented, which of the claims were meritorious, nor the equities which may have existed in the position of any party to the controversy.
*136 In Transcontinental Drilling Co., Inc. v. Davis Oil Company, 354 So.2d 235 (La. App. 4th Cir.1978), a party aggrieved by an arbitration award sought to have the award modified, alleging an evident miscalculation of figures. The court found that, because the award of the arbitrators was not itemized, there could be no evident miscalculation of figures. The court stated:
"It was conceded at appellate hearings that the arbitration proceedings had been recorded by a court reporter, but, because of the expense of transcribing such a voluminous record, it had been agreed that no transcript would be put into the record on appeal. Had a transcript been introduced, it is possible that a miscalculation of figures might have been evident. However, on the basis of the record sans transcript, the alleged miscalculation is purely suppositional. An explanation for the quantum of the award which is more plausible than miscalculation of figures is that the arbitrators, faced with both sides of the case, found $17,490 to be an equitable award."
Similarly, we are unable to conclude, without a transcript of the arbitration proceedings nor an itemization of the arbitrator's awards, that the award to Blair and the subcontractors included accrued interest. We therefore do not reach the question of whether an award of accrued interest would constitute grounds for the vacation or modification of the award of the arbitrators.

FUTURE INTEREST
The remaining issue is whether the arbitrators' award of future interest is prohibited by the contract between the parties or by the law of Louisiana, and if so, whether the award of such interest requires the vacation or modification of the arbitrators' award. In making the award, the arbitrators ordered that interest would accrue on the award at the rate of 12% per annum beginning forty-five days after the date of the award.
Article 7.9.1 of the General Conditions of the contract in question provided the following:
"Any moneys not paid when due to either party under this Contract shall bear interest at the legal rate in force at the place of the Project."
However, supplementary conditions were added to the contract, Article 7.9 of which provides:
"Delete entire subsection 7.9.1 and substitute in its place the following: 7.9.1. There shall be no payment of interest on money owed."
The State contends that by awarding post-award interest, the arbitrators exceeded their authority, necessitating the vacation of the award pursuant to LSA-R.S. 9:4210. We find this contention to be meritless.
Prior to the addition of the supplemental conditions, the contract in question provided that all amounts not paid timely would bear interest at the legal rate until paid. In our view, this provision clearly referred to interest accruing on unpaid delinquent accounts. By the supplemental condition, this provision was deleted, and it was agreed that there would be no payments of interest on money owed. Likewise, the supplemental provision refers to interest accruing on delinquent accounts. It relieves the parties from liability for interest on outstanding debts. It prohibits either party from billing the other for interest on the balance owed.
In the award of the arbitrators, post-award interest was allowed on the total determined by the panel to be owing the contractor. Its purpose, the same as that of post-judgment interest, is to encourage prompt payment of a liquidated debt. LSA-C.C. Art. 1938 provides that all debts bear interest at the rate of 12% per annum from the time they become due, unless otherwise stipulated. In the contract in question, the supplemental condition regarding interest clearly absolved both parties from any liability for interest accruing on unpaid delinquent accounts. However, this provision did not relieve either party *137 from liability for interest running on the award ultimately granted by the arbitration panel, and did not prohibit the arbitrators from making such an award of interest. The arbitrators did not exceed their authority by including post-award interest in the award.
We further observe that the award of interest by the arbitrators is authorized by the trial court's power to confirm an arbitration award. LSA-R.S. 9:4214 provides that a judgment confirming, modifying, or correcting an arbitration award "... shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action, and it may be enforced as if it had been rendered in an action in the court in which it is entered." Thus, in confirming the award of the arbitrators, the trial court had the authority to award judicial interest from the date of judicial demand. See LSA-C.C. Art. 2924. Blair's motion to confirm the award was filed in the trial court on November 30, 1982. Judicial interest was therefore awardable from that date. The interest awarded by the arbitrators did not begin to run until forty-five days after the award, December 19, 1982. The court, in confirming the award, awarded interest at the rate of 12% per annum from that date.[1] Because the trial court was authorized to award judicial interest from November 19, 1982, the award of interest from December 19, 1982, clearly falls within the power of the trial court to award judicial interest.
Finally, the State argues that an award of interest against the State is prohibited. The State relies on a line of cases holding that the State or its agencies cannot be compelled to pay interest on unpaid accounts absent some provision therefor by statute or stipulation. See, e.g., Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 (1943); Hamberlin v. Tangipahoa Parish School Board, 210 La. 483, 27 So.2d 307 (1946); Corbello v. Jefferson Davis Parish Police Jury, 262 So.2d 151 (La. App. 3rd Cir.1972).
The cases relied upon by the State predate the Constitution of 1974. Any immunity from the payments of interest was removed by LSA-Const. Art. 12, § 10, which provides in pertinent part:
"Section 10. (A) Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."
We find that the broad language of this section which eliminates the State's immunity from suit and liability, renders the State liable to the same extent as a private litigant. The State no longer enjoys immunity from liability for interest. Thus, the arbitrators did not exceed their authority by including future interest in the award.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal in the amount of $8320.94 are taxed against the State.
AFFIRMED.
NOTES
[1] While Blair may have been entitled to interest from November 19, 1982, no complaint in this regard was made in this court or the court below.