470 So.2d 890 (1985)
In re Arbitration of MT. AIRY REFINING COMPANY
v.
CLARK ACQUISITION, INC.
No. CA 2088.
Court of Appeal of Louisiana, Fourth Circuit.
April 18, 1985.
Rehearings Denied June 26, 1985.
*891 Mack E. Barham, M. Lizabeth Talbott, Hervin A. Guidry, Robert E. Arceneaux, William D. Treeby, Appeal Counsel, David W. Gruning, Richard C. Stanley, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for plaintiff-appellee; Samuel McW. Scoggins, Frost & Jacobs, Cincinnati, Ohio, of counsel.
Roy C. Cheatwood, James P. Browning, Jr., Nancy Scott Degan, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, Bernard A. Barken, Robert N. Kahn, Shifrin, Treiman, Barken, Dempsey & Ulrich, St. Louis, Mo., for defendant-appellant.
Before GARRISON, KLEES, BYRNES, LOBRANO and ARMSTRONG, JJ.
KLEES, Judge.
This is an appeal from a judgment of the district court confirming an arbitration award in favor of Mt. Airy Refining Co. (MARCO) against Clark Acquisition, Inc. (Clark).
On August 31, 1981 Clark purchased a refinery and terminating facility from MARCO on the terms of 8.5 million dollars cash and approximately 2.5 million on a promissory note. The note reflected 9% interest and was payable in twenty-four monthly installments. The sales contract contained a clause requiring any disputes to be arbitrated under the rules of the American Arbitration Association. The agreement also provided that Clark had a right of set off for any loss sustained by them as a result of any breach of warranty by MARCO.
After giving MARCO notice of its claim for damages, Clark withheld payments on the credit portion of the sales price as per the terms of the agreement. MARCO then filed a demand to arbitrate the matter in November, 1982. Clark answered the demand of MARCO, and filed counterclaims based on breach of warranties and/or fraud. The matter was fully arbitrated and a decision was rendered on December 17, 1983 in favor of MARCO. On January 20, 1984, the lower court confirmed that award.
Clark perfects this appeal raising two issues. First, it asserts a declinatory exception of lack of subject matter jurisdiction by the arbitration panel, and second, it argues that the interest award was improper.

EXCEPTION OF SUBJECT MATTER JURISDICTION
Clark raises, for the first time in these proceedings, an exception of lack of subject matter jurisdiction by the arbitration panel. Citing George Engine Co., Inc. v. Southern Shipbuilding Corp., 350 So.2d 881 (La. 1977), Clark contends that it was fraudulently induced to enter into the contract with MARCO and that therefore the arbitration panel did not have jurisdiction to hear the dispute. We disagree with Clark's argument, for the following reasons.
The success of Clark's argument depends on whether the claim it asserts is truly an exception of subject matter jurisdiction, as this is one of the few exceptions which can be raised at any stage in the proceedings, including appeal. La.Code Civ.Pro. arts. 925, 928. However, when viewed properly, Clark's allegation that it was fraudulently induced by MARCO to enter into the contract is not a matter of subject matter *892 jurisdiction, but rather an issue of "arbitratibility."
An arbitration panel is not a court of law. The "jurisdiction" of an arbitration panel is not determined by law, but by what the parties agree to submit to the panel for decision. La.Civ.Code art. 3099. The Civil Code defines the scope of submission as follows:
Parties may submit either all their differences, or only some of them in particular; and likewise they may submit to arbitration a lawsuit already instituted or only in contemplation, and generally everything which they are concerned in, or which they may dispose of.
La.Civ.Code art. 3102. Article 3104 further states, "The power of arbitrators is limited to what is explained in the submission."
The Code's use of the word "power" rather than "jurisdiction" merely underscores the fact that arbitration does not involve legal jurisdiction in the same sense as a judicial proceeding. Although Clark has couched its complaint in terms of "subject matter jurisdiction," the issue of the arbitrators' jurisdiction is in reality a factual question of the intent of the parties, not a question of law. In this case, the real issue is what Clark and MARCO intended to submit, and what they actually did submit, to the arbitrators, and whether this submission included Clark's claim of fraudulent inducement in the inception of the contract.
In our view, Clark intended to and did submit the issue of fraudulent inducement to the arbitration panel, and having done so, cannot now complain. Under the Civil Code, a claim by one party that it was fraudulently induced to enter into a contract, i.e., that it did not give free consent, makes the contract relatively null. La.Civ. Code art. 2031. As a relative nullity, the contract is voidable; that is, it may be avoided by the party affected by the nullity, but it may not be declared void by the court on its own initiative. However, just as it may be avoided by the party affected, a relatively null contract may also be confirmed by that party.
Civil Code article 1842 states:
Confirmation is a declaration whereby a person cures the relative nullity of an obligation.
An express act of confirmation must contain or identify the substance of the obligation and evidence the intention to cure its relative nullity.
Tacit confirmation may result from voluntary performance of the obligation.
By participating without objection in the arbitration proceedings, Clark tacitly confirmed its contractual obligation to arbitrate and cannot now seek to avoid the contract on grounds of fraudulent inducement. There are several means by which Clark could have avoided arbitration if it had so desired. Under the Louisiana Arbitration Law, a party may have the arbitratibility of its claim tested by the courts prior to arbitration by merely defaulting, or doing nothing, when the arbitration proceeding is initially provoked. LSA-R.S. 9:4203. Alternatively, Clark could have filed in court a motion to stay the arbitration proceeding along with a petition to rescind the contract for fraudulent inducement. However, rather than doing either of these, Clark willingly participated in the arbitration, filing an "Answer and Amended Counterclaim" in the arbitration proceedings in which, according to Clark's own counsel, "Clark clearly alleged ... that MARCO fraudulently induced it to enter into the contracts associated with the sale of the refinery ..." ("Memorandum in Support of Declinatory Exception," p. 3). At no point did Clark attempt to rescind the contract (until it reached our court), but rather sought damages under it. Furthermore, when it appealed the decision of the arbitrators to the district court, Clark did not complain of fraudulent inducement, but only that the interest rate awarded by the arbitrators was illegal.
In light of these actions by Clark, there is no question that Clark submitted the claim of fraudulent inducement to the arbitrators and that this submission constituted *893 tacit confirmation of the relative nullity which Clark now claims affects the contract. Having submitted to arbitration and lost, Clark is not now entitled to another bite of the apple.
This case is not like George Engine Co., Inc. v. Southern Shipbuilding Co., supra, upon which Clark relies so heavily. In George Engine, the plaintiff filed suit to rescind a contract on grounds of fraudulent inducement prior to the initiation of arbitration proceedings. The defendant then sought to stay the plaintiff's suit on the grounds that the contract contained an arbitration clause and therefore the dispute should be submitted to arbitration. The Supreme Court agreed with the plaintiff that plaintiff could not be made to arbitrate under a contract that it claimed was void because of fraudulent inducement.
The instant case differs from George Engine in that Clark did not seek to rescind the contract, but rather submitted the issue of fraudulent inducement to the arbitration panel and participated fully in the arbitration proceedings. In our view, Clark cannot now complain that the arbitration panel lacked the power to decide this issue by couching it in terms of "subject matter jurisdiction."
We believe that the holding of George Engine must be limited to situations in which the issue of "fraud in the inducement" is raised prior to the parties submitting to arbitration. This reasoning accords with the principle that arbitration is a method by which parties agree to litigate their differences without incurring the expense and time of the judicial process. Allowing a party to wait until this stage of the proceedings to object to the authority of the arbitration process is an abuse of that process. See Justice Tate's dissent, George Engine, supra.
Accordingly, we deny the exception of lack of subject matter jurisdiction raised by Clark.

INTEREST AWARD
The arbitration award, rendered December 17, 1983, computed interest at the rate of 9% per annum through November 30, 1983. This was the same interest rate provided in the note. The award, however, also provided that should the amount not be paid within thirty days, interest would be assessed at the rate of Whitney prime plus one per cent. Clark argues that this award is improper and beyond the scope of the arbitrators' authority. This issue was raised in the lower court.
We find no error in the award of post judgment interest. The bases upon which a court may review an arbitration award are explicitly set out by La.R.S. 9:4210, which provides:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
In our view, the arbitrators did not exceed their powers by awarding a higher rate of interest to be applied only in the event the judgment was not paid within thirty days, a reasonable time. Because this award of post judgment interest does not violate any of the provisions of La.R.S. 9:4210, we affirm same.
AFFIRMED.