499 So.2d 616 (1986)
ST. TAMMANY MANOR, INC.
v.
SPARTAN BUILDING CORPORATION.
SPARTAN BUILDING CORPORATION
v.
ST. TAMMANY MANOR, INC. and the American Arbitration Assoc.
Nos. CA-5355, CA-5356.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Rehearing Denied January 15, 1987.
Writ Granted March 13, 1987.
Denechaud and Denechaud, Thomas A. Rayer, New Orleans, for appellee.
Richard L. Muller, Mandeville, for appellant.
Before REDMANN, GULOTTA and CIACCIO, JJ.
GULOTTA, Judge.
In this building contract dispute, the sole issue is whether interest on an arbitration award commences from the date of substantial completion or the date the arbitration award was made. The trial judge concluded the interest commenced from the date of the award. We affirm.
On September 26, 1980, Spartan Building Corporation entered into a contract with St. Tammany Manor, Inc. for the construction of a lodge. The stipulated completion date was September 26, 1981. At the time the contract was substantially completed, a dispute arose as to the amount owed. St. Tammany claimed a retainage in the sum of $291,212.65 for "items of construction which were either deficient, incomplete or remained to be performed by the contractor." Spartan, on the other hand, contended that the balance owed on the contract was $172,986.75.
The matter was submitted to an arbitration panel and an award was rendered by the arbitrators on January 18, 1984, which provided that "St. Tammany Manor, Inc.... pay Spartan Building Corp.... ($172,986.75) and that Spartan pay St. Tammany ($27,344.00)." The award further provided that St. Tammany pay interest on the net amount owed from September 30, 1981, the apparent substantial completion date, until paid.
St. Tammany subsequently filed a petition requesting that the arbitration award be modified to provide that interest commence from the date of the arbitration award (January 18, 1984) instead of the date of substantial performance as determined by the arbitrators. In a separate suit, Spartan sought to have the award confirmed. The cases were consolidated and a summary judgment was rendered modifying the interest part of the arbitration award to reflect that interest commences from the date of the award.
Prior to 1985 LSA-C.C. Art. 1938 provided that "[a]ll debts shall bear interest ... from the time they become due, unless otherwise stipulated."[1]
*617 In City Stores Co. v. Gervais F. Favrot Co., Inc., 359 So.2d 1031 (La. 4th Cir.1978), this court was confronted with a similar issue. In that case the arbitrators provided that interest would run from the last day for the filing of liens. The trial judge modified the award to provide that interest would run from the date of the arbitration award. In affirming the trial court's judgment, we adopted the reasoning of the trial judge which was that a definitive figure could not be ascertained until the date of the arbitrator's award. Based on that reasoning, we concluded that interest in such cases commences to run from that date.
The same rule is applicable in our case. Our holding in City Stores is dispositive of the issue in the instant case.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.
REDMANN, C.J., dissents.
REDMANN, Chief Judge, dissenting.
La.R.S. 9:4209 orders that, on application to a court for an order confirming an award of arbitrators, "the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 4211."
R.S. 9:4210, providing for vacating an entire award, is not pertinent here.
R.S. 9:4211, the exclusive authority for a court to modify an award of arbitrators, provides for modification only in one of the following circumstances:
"A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
"B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
"C. Where the award is imperfect in matter of form not affecting the merits of the controversy."
"It is well settled in both state and federal courts that an award may be challenged only on the grounds specified in the statute. The court cannot substitute its conclusion for that of the arbitrator." Firmin v. Garber, 353 So.2d 975 (La.1977).
None of the statute's grounds exists here. The trial court violated R.S. 9:4209 in failing to "grant such an order" confirming the award as requested. It had no business to look into any part of the award, including the correctness of the date from which interest was allowed, in the absence of any statutory ground for modification. City Stores Co. v. Gervais F. Favrot Co., Inc., 359 So.2d 1031 (La.App. 4 Cir.1978), should be overruled (by this court en banc, to which this case should be referred for that purpose only).
The lesson of Firmin is that, no matter how "debatable" an award (Firmin so described a $7,821.60 award to an architect whose bill had been only $3,800), the statute controls. "To hold otherwise would defeat the purpose of arbitration: the speedy resolution of disputes outside the court system." Id. at 978.
The judgment appealed from should be reversed and an order granted confirming the arbitrators' award as issued.
NOTES
[1] Effective January 1, 1985, the earlier LSA-C.C. Art. 1938 was modified and incorporated into new LSA-C.C. Art. 2000. The earlier codal provision is applicable in the instant case.