IxKNOLL, Judge,
dissenting in part.
I agree with the majority opinion in all aspects except its amendment of the interest rate the arbitrators awarded and its denial of Production Wireline’s request for the award of damages against Trans-Tech for having taken a frivolous appeal.
The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. St. Tammany Manor, Inc. v. Spartan Bldg. Corp., 509 So.2d 424 (La.1987). As stated in State, Through Division of Administration v. Algernon Blair, 445 So.2d 133, 136 (La.App. 3 Cir.1984), postjudgment interest is awarded in arbitration proceedings “to encourage prompt payment of a liquidated debt.” Likewise, in Mt. Airy Refining Co. v. Clark Acquisition, Inc., 470 So.2d 890 (La.App. 4 Cir.1985), the Fourth Circuit approved a two-tiered interest rate that the arbitration panel crafted to encourage prompt payment of the arbitrated debt. In that instance, the interest rate on the judgment increased significantly if the liquidated debt was not paid within thirty days after the rendition of the arbitrators’ decision.
I2I11 the case sub judice, I find that the arbitrators’ award of 18% interest does not violate any of the provisions of La.R.S. 9:4210 or 4211. Moreover, the award of 18% interest does not contravene any provisions of the arbitration agreement before us. As I view it, the arbitrators’ award of 18% interest was the method they utilized to encourage the prompt payment of the liquidated debt. *485 Accordingly, I find no authority for this court to modify the arbitration award. Therefore I would affirm the arbitrators’ award of post-judgment interest in the amount of 18%, and I would amend the judgment to award damages against Trans-Tech for its frivolous use of the appellate process to postpone its payment of the judgment.