837 So.2d 743 (2003)
LEON ANGEL CONSTRUCTORS, INC., Plaintiff-Appellant,
v.
KIRK KNOTT ELECTRIC, INC., Defendant-Appellee.
No. 36,752-CA.
Court of Appeal of Louisiana, Second Circuit.
January 31, 2003.
*744 Rogers & Hearne by William L. Hearne, for Appellant.
Paul J. McMahon, III, Lafayette, for Appellee.
Before BROWN, WILLIAMS and GASKINS, JJ.
BROWN, C.J.,
Leon Angel Constructors, Inc., ("Angel"), was the general contractor for the DeSoto Parish Annex and Courthouse renovation project ("Project"). Angel entered into a contract with Kirk Knott Electric, Inc., ("Knott"), for electrical work on the project. The first phase of the project involved working on the Annex. During this phase, Angel terminated Knott's subcontract. Angel then initiated an arbitration proceeding against Knott through the American Arbitration Association ("AAA") seeking damages. Knott answered by denying the claims and filing its own claim for work completed and damages.
The arbitrator denied Angel's claims and awarded Knott a net sum of $75,897.78 for work completed, damages, penalties, attorney fees, and interest. In addition, Angel was ordered to reimburse Knott for the AAA fees it paid. A facsimile of the award calculation is attached as an Appendix to this opinion. Angel filed a request with the AAA for a modification of the award, asserting that the arbitrator used Angel's charge to the DeSoto Parish Police Jury for the value of the work completed rather than the sum Angel agreed to pay Knott under their contract. Angel also disputed the award for lost profits, penalties and attorney fees.
The requested modification was denied and Angel went to district court seeking relief under the provisions of La.R.S. 9:4210 and 4211, while Knott reconvened asking the district court to confirm the award under La.R.S. 9:4209. Angel presented essentially the same arguments to the district court regarding the basis for the calculation of damages. The district court concluded that Angel's claims related to the merits of the case which are not subject to review. The court confirmed the arbitrator's award including the legal fees paid by Knott to the AAA, legal interest thereon until paid from February 9, 2002, and all costs of the proceedings in court. This appeal followed.

Discussion
Under the Louisiana Arbitration Law, La.R.S. 9:4201 et seq., a party aggrieved by an arbitration award may seek relief in *745 a district court to have the award vacated or modified in accordance with La.R.S. 9:4210 and 4211.
The grounds for vacating an arbitration award are: (A) where the award was procured by corruption, fraud, or undue means; (B) where any of the arbitrators evidenced partiality or corruption; (C) where the arbitrators refused to postpone the hearing, upon sufficient cause shown, refused to hear evidence pertinent and material to the controversy, or are guilty of any other misconduct prejudicial to the rights of any party; or (D) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. La.R.S. 9:4210.
The grounds under which a district court may modify or correct an award are: (A) miscalculation of figures or incorrect description of any person, thing, or property in the award; (B) where an award is rendered upon matters not subject to arbitration; or (3) imperfect form of the award. La.R.S. 9:4211.
La.R.S. 9:4209 requires that a district court confirm the arbitration award upon application by any party unless grounds pursuant to La.R.S. 9:4210 or 9:4211 exist. St. Tammany Manor, Inc. v. Spartan Building Corp., 509 So.2d 424 (La.1987). A strong public policy favors arbitration, and such awards are presumed to be valid. Accordingly, a district court does not sit in an appellate capacity, but confines its determination to whether there exists one or more of the specific grounds for impeachment as provided for under the applicable statutes cited above. Woodrow Wilson Const. Co., Inc. v. MMR-Radon Constructors, Inc., 96-0618 (La.App. 1st Cir.12/20/96), 684 So.2d 1125, writ denied, 97-0152 (La.03/07/97), 689 So.2d 1379.

Manifest Error
Angel contends that the arbitrator's acceptance of the amount certified by the architect as the amount owed for the completed work constituted manifest error. Manifest error is not mentioned as a grounds for reversal of an arbitrator's award in either La.R.S. 9:4210 or 9:4211. By contrast, "manifest disregard of the law" by arbitrators is a judicially created ground for vacating an arbitration award. The doctrine implies that an arbitrator has knowledge and appreciation of a clearly governing legal principle yet decides to pay no attention to it. Welch v. A.G. Edwards & Sons, Inc., 95-2085 (La.App. 4th Cir.05/15/96), 677 So.2d 520; Colchoneria Jiron, S.A. v. Blumenthal Print Works, Inc., 629 So.2d 1288, 1290 (La.App. 4th Cir.1993), writ denied, 94-0145 (La.03/11/94), 634 So.2d 391. Errors of fact or law do not invalidate an arbitration award. National Tea Co. v. Richmond, 548 So.2d 930 (La.1989), citing St. Tammany Manor, Inc. The doctrine of "manifest disregard of the law" clearly requires more than simply an error of law on the part of an arbitrator. Welch, supra. Accordingly, manifest error is not a judicially recognized ground for vacating or modifying an arbitration award.

Arbitrator Exceeding His Powers and Authority
Next, Angel contends that the arbitrator exceeded its powers and authority by awarding Knott the sum owed to Angel by the police jury rather than the amount provided for in the subcontract.
Indeed, the contract provides a progressive schedule for payment as the contractor is paid by the owner after certification by the architect. This provision, however, refers only to the method of payment. In other words, Knott could have completed *746 more work than had been certified by the architect. In fact, Knott testified that he had billed Angel over $122,000 (rather than the $71,848.24 certified by the architect) for his work.
We conclude that the arbitrator was empowered to select an amount of compensation it considered appropriate for Knott's work. Accordingly, the arbitrator was not exceeding his powers in selecting the amount certified by the architect. See Hill v. Cloud, 26,391 (La.App.2d Cir.01/25/95), 648 So.2d 1383, writ not considered, 95-0486 (La.03/17/95), 651 So.2d 260.

Material Miscalculation or Error in Description
La.R.S. 9:4211 provides that the district court shall issue an order modifying or correcting the award "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in an award."
As previously stated, it is the $71,848.84 figure certified by the architect as the value of the completed work that Angel contends constitutes a material mistake in calculation or an "evident material mistake in the description" of a thing referred to in the award. In this instance, both alleged errors refer to the same thing. The district court concluded that this was an attack on the factual basis of the arbitrator's findings and therefore not subject to judicial review. Angel submits that the arbitrator made a material miscalculation in the award when it valued Knott's completed work by using what amounted to Angel's contract price to the police jury for Knott's electrical work rather than Knott's contract price to Angel. Hence the question is whether this constitutes a miscalculation or is it simply a mistake of fact or law not subject to review.
The term "evident material miscalculation of figures" in § 4211 has been construed to mean a miscalculation "akin to an arithmetical error," as distinguished from an error in the factual or legal conclusions underlying the arbitrator's award. St. Tammany Manor, supra.
However, in Cole v. Hiller, 30,397 (La. App.2d Cir.04/08/98), 715 So.2d 451, writ not considered, 98-1512 (La.09/04/98), 723 So.2d 429, this court affirmed the district court's modification of an arbitrator's award on grounds of "material miscalculation" where the arbitrator's award appeared, on its face, to be a double recovery as well as an award of additional unrequested painting expenses. Citing federal arbitration jurisprudence, we noted that "modification on the basis of a material miscalculation is appropriate when the arbitrator's award grants a party double recovery of a particular item of damages." Cole, supra, citing Eljer Mfg., Inc. v. Kowin Development Corp., 14 F.3d 1250 (7th Cir.1994), cert. denied, 512 U.S. 1205, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994).
On the other hand, we stated that "an arbitrator's award may not be modified or vacated on the basis of the arbitrator's resolution of disputed facts." Cole supra, citing Firmin v. Garber, 353 So.2d 975 (La.1977); Hill v. Cloud, supra; National Post Office v. U.S. Postal Service, 751 F.2d 834 (6th Cir.1985). The court may, however, vacate an award founded on a material mistake of undisputed fact unless the party opposing the motion to vacate offers an alternative rational explanation for the award based on the evidence before the arbitrator. Id.
In this instance, we conclude that the value of Knott's work was a disputed fact. Knott submitted a bill for his work in the amount of $122,387. Although we have no record of testimony at the arbitration *747 hearing, there are exhibits in the record of the contracts and schedule of values for the project. Accordingly, the facts of this case are distinguished from Cole, supra. We agree with the district court that the basis for the calculation of the award used by the arbitrator is not a "material miscalculation" because it is not arithmetical in nature, nor does it constitute an error on its face.

Lost Profits
By contrast, however, it is apparent on the face of the arbitrator's calculation that it awarded Knott a "double recovery" of a portion of the lost profits. Lost profits were calculated by the arbitrator as 10% of the contract price of $295,518, or $29,551.80. The arbitrator should have subtracted the amount Knott had already received in payment for completed work. The $71,848.84 certified by the architect as the value of Knott's completed work included its profit margin and should have been subtracted from the contract price of $295,518, leaving $223,669.16. Knott's lost profits is 10% of this figure or $22,366.92 and we modify the judgment accordingly.

Penalty and Attorney Fees
As previously stated, the grounds for challenging an arbitrator's award do not include errors of law or fact. Errors of law or fact are insufficient to invalidate a fair and honest award. St. Tammany Manor, Inc., supra; National Tea Co., supra. Angel's arguments that the contract and the Public Works Act do not allow for penalties and limit attorney fees to 10%, at best, refer to an error of law.

Interest
The district court judgment confirmed the arbitrator's award and granted judgment in favor of Knott for the principal sum of $71,038.13 plus the AAA fees of $4,289.67 paid by Knott, with legal interest thereon from February 9, 2002. This date was selected because the arbitrator ordered that payment of the award be made to Knott within 15 days of the date of the award on January 24, 2002. Angel contends that the district court does not have the authority to modify the arbitrator's award of interest.
This argument is without merit. The court did not modify the award of interest. Payment of the total amount, including the arbitrator's award of interest, was due on February 9, 2002. The judgment of the district court confirmed the awarded amount, including the arbitrator's award of interest, and including the due date of February 9, 2002 in its judgment. The award of legal interest from that due date is eminently fair and proper. See State Through Division of Administration v. Algernon Blair, Inc., 445 So.2d 133 (La.App. 3d Cir.1984).

Conclusion
For the foregoing reasons, we modify the arbitrator's award by reducing the amount awarded for lost profits from $29,551.80 to $22,366.92. This reduces the judgment by $7,184.88. In all other respects, the arbitrator's award is confirmed.
Accordingly, we amend the judgment of the district court to reflect the modified award for lost profits and affirm at appellant's cost.
 APPENDIX
 AWARD OF ARBITRATOR
I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the
 arbitration agreement entered into by the parties, and having been duly sworn and having
 duly heard the proofs and allegations of the parties hereby, AWARD, as follows:

*748
The claim of Claimant, Leon Angel Constructors, Inc., is denied.
The Claimant shall pay to Respondent the Award of Arbitrator as follows:
 Total Billed under the subcontract $122,387.00
 Amount certified by Architect (thru App. # 9, June 30, 2001) $ 71,848.84
 Less payments received ($ 22,320.00)
 ______________
 Total Owing on Subcontract $ 49,528.84
 Lost Profit (10% of original electrical subcontract) $ 29,551.80
 ____________
 Total Owing plus lost profit $ 79,080.64
 Less Simplex payment by Claimant ($ 18,200.84)
 Net owing Respondent by Claimant $ 60,879.80
 15% Penalty; $49,528.84(.15) $ 7,429.33
 Attorney's fees $ 6,687.50
 Interest @ 5.5% (June 26, 2001 thru January 2, 2002
 .523 (31,328 *).055 = $901.15 $ 901.15
 ___________
 Net $ 75,897.78
 Less lien filed by Southern Electric Supply, Inc., and Claimant shall be
 responsible for the release of the lien filed by Southern Electric Supply,
 Inc., in the amount of ($ 4,859.64)
 ______________
 Total owing to Respondent by Claimant on contract $ 71.038.14

The administrative fees and expenses of the American Arbitration Association ("the Association")
 and the compensation and expenses of the arbitrator totaling $8,632.80 shall be borne
 by the Claimant. Therefore, Claimant shall pay to Respondent the sum of $4,289.67,
 representing Respondent's share of deposits previously advanced the Association.
* 71,848.84-18,200.84-22,320 = $31,328.00 (amt. certified less amt. paid by Angel)
The above sums are to be paid on or before fifteen (15) days from the date of this award.
This Award is in full settlement of all claims and counterclaims submitted to this Arbitration.
 All claims not expressly granted herein are, hereby denied.
Singed [sic]: ______________________________________ Dated: __________________________________
 Robert E. Barris, Arbitrator (1-24-02)