PER CURIAM.
| tGranted. The state seeks review of the trial court’s judgment denying its motions *382 to quash subpoenas duces tecum for the medical, education, and social security records of Keith Townsend, one victim of the crimes charged against respondent, and for the personnel files and disciplinary records of at least one former New Orleans Police Officer who testified at respondent’s first trial while still on the force. The trial court ruled that the state lacked standing to oppose the subpoenas and had, in any event, abandoned any opposition regarding the subpoenas for police records. The court nevertheless set a hearing on the requested production of Mr. Townsend’s medical records from University Hospital in New Orleans. The court further directed the state to disclose his contact information to the defense for purposes of providing him with notice of the hearing and an opportunity to appear and either oppose or consent to the disclosure. The failure of respondent’s trial attorneys to obtain those records formed one of several bases for granting respondent post-conviction relief on his prior convictions stemming from the same incident in a multifaceted claim of ineffective assistance of counsel. State v. Boudreaux, 13-0808 (La. App. 4 Cir. 6/18/13) (unpub’d), writ denied, 13-1687 (La.9/11/13), 120 So.3d 274.
| ¡¡The trial court erred. The state ordinarily is not the legal representative of its witnesses. United States v. Nachamie, 91 F.Supp.2d 552, 560-61 (S.D.N.Y.2000) (“[T]he Government cannot undertake to act as counsel to its witnesses.... [T]he Government’s interests and that of its witnesses are not identical and it would therefore be inappropriate for the Government’s attorney to act as counsel to its witnesses.”). The legislature has, however, charged prosecutors in Louisiana with the duty of protecting the rights of victims “in a manner no less vigorous than the protection afforded the criminal defendants.” La.R.S. 46:1841. The legislature has further provided that “[t]he victim shall be protected at all times by all rules and laws governing the criminal procedure and the admissibility of evidence applicable to criminal proceedings.” La.R.S. 46:1844(1). Thus, while the victim has the right to secure his (or her) own legal representative during prosecution of a criminal offense, with whom the prosecutor “may confer,” La.R.S. 46:1844(D)(1), the prosecutor remains first and foremost the protector of the victim’s rights and interests in conducting criminal proceedings. This duty gave the state in the present case sufficient interest to have standing to oppose the issuing of the subpoenas for the protection of the victim’s privacy interests in his medical, educational, and social security records.
The trial court nevertheless erred in setting a hearing on the production of the medical records from University Hospital in New Orleans, where the victim was taken immediately after sustaining knife wounds and blunt trauma to his head. Those records were, in fact, provided to defense counsel before trial, and then introduced by the state in connection with the testimony of Dr. John Hunt, who performed the emergency surgery to save lathe victim’s life. See State v. Boudreaux, 08-1504, p. 6 (La.App. 4 Cir. 9/29/10), 48 So.3d 1144, 1148-49, writ denied, 10-2434 (La.4/8/11), 61 So.3d 682. To this extent, the victim’s medical history is a matter of public record and he no longer has a privilege of confidentiality with respect to any information disclosed therein. The defense is, in fact, seeking only the graphic images made in connection with the surgery and after-care in the hospital, ie. X-rays and CAT scans. Given the prior admission of the victim’s documentary medical records in respondent’s first trial, the subpoena satisfied all of the criteria adopted by this Court in State v. Marcelin, 10-2036 (La.10/15/10), 46 So.3d 191, from *383 the Supreme Court’s decision in United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), for the issuing of subpoenas duces tecum to non-parties in advance of trial or any pre-trial hearings. The requested graphic images are relevant and admissible; the request is specific; and production does not entail turning a subpoena duces tecum issued under La.C.Cr.P. art. 732 into a vehicle for conducting extensive pre-trial discovery never contemplated by the legislature in its comprehensive 1966 revision of the Code of Criminal Procedure when it added the article to “fill[] the gap [in existing law] without including the broad discovery procedures of the Federal Rules of Criminal Procedure.” La.C.Cr.P. art. 732, Off'l Rev. Cm’t-1966(a).
The trial court may therefore reissue the subpoena without conducting further proceedings in that respect. To this extent, the court’s order is modified. The order is, however, maintained with respect to the production of the victim’s medical records from Touro Infirmary Rehabilitation Center, where he was treated after his release from University Hospital, the New Orleans School District, Exceptional Children’s Services, and the Social [4Security Administration. The victim is to be given the opportunity to assert any privacy interests he has in those records. Cf. Fed. R.Crim.P. 17(c)(3)(2012) (“After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.”). The state need not divulge the victim’s contact information as long as it undertakes the responsibility for producing him at the hearing, during which the state may assert the Nixon/Marcelin criteria as additional grounds for quashing the subpoenas. Our prior denial of review in post-conviction proceedings leading to relief for respondent, has no precedential value with respect to production of those records. St. Tammany Manor v. Spartan Bldg. Corp., 509 So.2d 424, 428 (La.1987) (“A writ denial by this Court has no precedential value.”).
With respect to the police records, it appears that the state’s motion to quash the subpoena issued for one of the named officers addressed the grounds for opposing the motion under the Nixon/Marcelin criteria without the need for an independent supporting memorandum. The trial court should therefore reconsider the subpoena request(s) for production of police personnel and disciplinary records according to the Nixon/ Marcelin factors and determine whether the state, as opposed to a legal representative of the New Orleans Police Department, has standing to object to the subpoenas on grounds they are unreasonable and oppressive as a matter of La.C.Cr.P. art. 732.