948 So.2d 195 (2006)
Beverly Ann Richey WITTICH
v.
Rainer R. WITTICH.
No. 06-CA-418.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 2006.
Mitchell J. Hoffman, Paula H. Lee Lowe, Stein, Hoffman, Allweiss & Hauver, Attorneys at Law, New Orleans, Louisiana, for Plaintiff/Appellee.
Don C. Gardner, Attorney at Law, Harahan, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and GREG G. GUIDRY.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Beverly and Rainer Wittich were married in 1969 and physically separated in June 1992. Beverly filed a Petition for Divorce on January 6, 1993. Beverly and Rainer entered into a Stipulation and Act of Partition of Community Property in which they agreed not to transfer, encumber, or provoke the partition of Brinson Companies or the stock of those companies. *196 Rainer also agreed to pay to Beverly $5,000.00 per month in spousal support.
In 1988, Gunther Wittich, Rainer's father, sold all his shares of stock in The Brinson Company, Inc., Star Warehouse Distributor, Inc., and Brinson Company East, Inc., to Rainer Wittich, individually. The stock sale contained an agreement that if Rainer Wittich pre-deceased Gunther Wittich, the agreement would terminate and the original stock certificate would revert back to Gunther Wittich.
On July 29, 2005, Beverly filed an Application for Order Directing Rainer Wittich to Proceed with Arbitration. Beverly alleged in her application that the Act of Partition of Community Property dated February 18, 1993 and the Stipulation entered into on January 6, 1993 required them to submit to mediation/arbitration if there was any disagreement between them. Beverly further alleged that they began mediation on May 23, 2001 and signed an agreement that Philip Riegel, Jr. would serve as mediator/arbitrator and they would share payment of a reasonable fee.
Riegel, as arbitrator, issued a decision on January 14, 2005 after that the matter came for evidentiary hearings on May 12, 2004 and October 21, 2004, following actions filed by Rainer to reduce or terminate alimony and to rescind stipulations and community property partition. Riegel's decision terminated alimony which had been ordered by judgment dated February 18, 1993, retroactive to the date of the judicial demand, dismissed the Petition to Rescind Stipulation between parties and Partition of Community Property and to Declare Separate Nature of the Property, and deferred all other pending issues, including but not limited to attorney's fees for later determination. The arbitrator also submitted Reasons for Decision, signed on January 31, 2005, stating that if Rainer proved his allegations, he would be legally entitled to termination or reduction of alimony.
At the time of the divorce, Beverly was unemployed, but had since become a nurse and had gotten a job in 1996. She owned a home worth $280,000.00, with no mortgage. She got remarried on November 1, 2002 to Virgil Gould. As a result, the arbitrator found material changes in Gould's financial circumstances, found she had sufficient means to support herself as of the 1998 filing of Rainer's rule to terminate or to modify alimony, and also noted that Beverly had gotten remarried. Therefore, the arbitrator found sufficient reasons for the termination of alimony. The arbitrator specifically made no finding and expressed no opinion as to the contractual rights of the parties.
The arbitrator did find that Rainer did not have the right to rescind the partition of the community property that had been executed following mediation when the parties divorced. The partition indicated that stock held by Rainer in Brinson Companies was community property. Rainer then filed the Motion to Rescind arguing that he had discovered the stock was separate property because it had been donated to him in 1979. The arbitrator found that both parties were clear with respect to the thing that was being partitioned, which was the stock in Brinson Companies. The arbitrator found that the question of whether or not that stock was classified as separate or community was a question of law, and if Rainer entered into the settlement under an error of law, that is not grounds for rescinding the agreement. The arbitrator found the facts of this case were a case of "ignorance of the law" and not "error," and as such, Rainer was not entitled to have the settlement rescinded. Rainer consulted an attorney before entering into the mediation and settlement *197 and had signed the act of donation of the stock himself in 1979. The arbitrator acknowledged that Rainer was ignorant of law, but made no effort to remedy that ignorance, which he could easily have done. He was satisfied to have entered into the settlement and his motion to rescind was dismissed.
The arbitrator met with attorneys for both parties on January 6, 2005 and informed them of his decision. At that time, they both agreed to defer the issues of attorneys fees and all other pending matters for a later decision.
On August 2, 2005, Rainer filed a Motion to Vacate Arbitrator's Decision and Motion to Stay Arbitration Proceedings. He argued that the arbitrator had exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made. Rainer contended the decision that Beverly has an immediate right to partition the Brinson Companies stock was a manifest disregard of the law. Rainer further argued that the parties had stipulated on January 6, 1993, February 18 and 23, 1993 not to provoke the partition of the Brinson Businesses until Gunther Wittich, Rainer's father and the majority owner of the business, was paid the full sum of $600,000.00. Rainer argued Gunther Wittich was to be paid back within fifteen years, so the partition could not take place until the expiration of this time period. Rainer requested that the decision of the arbitrator be vacated and all arbitration proceedings be stayed.
The arbitrator executed another decision with reasons on May 6, 2005, denying the claims of Beverly to enforce payment of her alimony, and granting Beverly's claim to immediately proceed to a partition of the Brinson Company stock and to exercise all rights as a co-owner of community assets. Beverly's claim for $10,000 for professional advisor fees pursuant to the agreement in which Rainer would pay this amount if Rainer offered to purchase her interest in the stock, was denied, and the claim for attorneys fees was deferred.
On October 18, 2005, Beverly filed an Application to Confirm Arbitration Award and a Memorandum in Opposition to the Motion to Vacate Arbitrator's Decision and Stay Arbitrator's Proceedings. She argued the parties had stipulated to arbitration in the event of a dispute and the arbitrator had shown no partiality, corruption or fraud in his decision.
A hearing was held before the district court on October 26, 2005. On October 31, 2005, the trial court denied Rainer's Motion to Vacate Arbitrator's Decision and Motion to Stay Arbitration Proceedings. The trial court granted Beverly's Application for Order Directing Rainer to Proceed with Arbitration. The trial court also issued a Judgment on November 7, 2005 granting the Application to Confirm the Arbitration Award and confirming the Decision and Reasons of Arbitrator and making that decision the judgment of the court.
Rainer then filed a Petition for Suspensive Appeal. The trial court set the appeal bond at $20,000.00 and Rainer filed a Motion to Modify/Reduce Bond. That motion was denied by the trial court and Rainer posted the appeal bond and proceeded with this appeal.

DISCUSSION
On appeal, Rainer argues the district court erred by confirming the decision of the arbitrator which allowed Beverly to "exercise any and all rights as a co-owner in indivision of community assets" specifically the "right to immediately partition the Brinson Company stock". Rainer argues the exercising of those rights are in *198 direct contravention of the terms of the sale and pledge agreement with an unfulfilled suspensive condition, to which Beverly was a party.
For the reasons which follow, we affirm the trial court's judgments denying Rainer's Motion to Vacate Arbitrator's Decision and Motion to Stay the Proceedings, granting the Application for Order Directing Rainer to Proceed with Arbitration, and granting the Application to Confirm the Arbitration Award.
On appeal, Rainer argues the trial court committed reversible error because the arbitrator exceeded his powers and his decision constituted a manifest disregard of the law. LSA-R.S. 9:4215 provides that a party to arbitration may appeal the decision of the arbitrator that has been confirmed by the trial court. LSA-R.S. 9:4210 provides the grounds for which an arbitration award may be vacated. Those grounds are: a) where the award was procured by corruption, fraud, or undue means, b) where there was evident partiality or corruption on the part of the arbitrators or any of them, c) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced, and d) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. LSA-R.S. 9:4210.
Manifest error is not a judicially recognized ground for vacating or modifying an arbitration award. Leon Angel Constructors, Inc. v. Kirk Knott Elec., Inc., 36,752 (La.App. 2 Cir. 1/31/03), 837 So.2d 743. Error of fact or law do not invalidate an arbitration award. Montelepre v. Waring Architects, 00-671 (La. App. 4 Cir.2001), 787 So.2d 1127. A reviewing court cannot review merits of an arbitrator's decision, and appellant may not actually seek review of the merits of the case by couching its argument in terms of arbitrators having exceeded their authority. P & M Equities, Inc. v. Latter & Blum, Inc. 96-940 (La.App. 5 Cir. 3/25/97) 692 So.2d 1255. Absent existence of one of the specified grounds for vacating an arbitration award, the reviewing court is prohibited from reviewing the merits of the arbitrator's decision. Welch v. A.G. Edwards & Sons, Inc. 95-2085 (La.App.4 Cir. 5/15/96) 677 So.2d 520.
We find the arbitrator's decision should not be vacated because none of the grounds set forth in LSA-R.S. 9:4210 have been proven. There is no evidence that the award was procured by corruption, fraud, or undue means. There is no evidence of partiality or corruption on the part of the arbitrator. The arbitrator was not guilty of misconduct for refusing to postpone the hearing, or refusing to hear the parties, or in any way prejudicing the parties. And finally, the arbitrator did not exceed his powers or so imperfectly execute his powers so that his decision constituted a manifest disregard of the law. Therefore, we find no reason to vacate the arbitrator's award and we affirm the trial court's judgments denying the motion to vacate and motion to stay the arbitrator's decision, and granting the motion to confirm the arbitrator's decision.
AFFIRMED.
EDWARDS, J., dissents with reasons.
This Court has previously found that, in addition to the grounds enumerated in LSA-R.S. 9:4210 and 4211, a litigant may attack the arbitration award on the basis of "a manifest disregard of the law," a *199 judicially created ground for vacating an arbitration award. Robert S. Robertson, Ltd. v. State Farm, 05-435 (La.App. 5 Cir. 1/17/06), 921 So.2d 1088, 1091. This "manifest disregard" refers to an error by the arbitration judge, which is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator. Id. at 1091 (citing Louisiana Physician Corp. v. Larrison Family Health Center, L.L.C., 03-1721, p. 2 (La.App. 3 Cir. 4/7/04), 870 So.2d 575, 577 and Welch v. A.G. Edwards & Sons, Inc., 95-2085, p. 6 (La.App. 4 Cir. 5/15/96), 677 So.2d 520, 524). "The jurisprudential rule implies that the arbitration judge appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it." Robertson, supra, at 1091 (citation omitted).
The portion of the sale and pledge of the stock in question contains an unambiguous suspensive condition that has yet to be fulfillednamely, that Gunther predecease Rainer. The act specifically stated that should Rainer predecease Gunther, the agreement would terminate and the original stock certificates be delivered back to Gunther. In my opinion, the stock transfer is incomplete and, thus, not yet part of the community property subject to partition. Therefore, the determination by the arbitrator that Beverly could proceed immediately to partition of the stock ignored a rule of law that should not have been disregarded, and, in my view, this action constituted manifest disregard for a well-known legal principle.
For this reason, I would reverse that portion of the judgment confirming the decision of the arbitrator.