962 So.2d 1162 (2007)
ROBERT ANGEL BUILDER, INC., Respondent-Appellee
v.
Timothy Clark GILBERT and Karen Rockett Gilbert, Applicants-Appellants.
No. 42,340-CW.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
Bodenheimer, Jones, & Szwak by David A. Szwak, Shreveport, for Appellants.
*1163 Jeff R. Thompson, Bossier City, for Appellee.
Before BROWN, GASKINS, and LOLLEY, JJ.
BROWN, Chief Judge.
In April 2003, Timothy and Karen Gilbert hired Robert Angel Builders, Inc. ("Angel"), to build a home on their lot in the Oak Alley Subdivision in Bossier City, Louisiana. The parties entered into a written residential construction contract, part of which reads:
13. Arbitration of Claims under the Act.[1] Any and all claims and controversies arising under this Agreement and governed by the Act shall be submitted to arbitration by a single arbitrator pursuant to the rules of Construction Arbitration Services, Inc. ("CAS") in effect at the time of the request for arbitration. . . . The decision of the arbitrator shall be final and binding and may be entered as a judgment in any state or federal court of competent jurisdiction. The fees and expenses of the arbitration shall be borne equally by the Purchasers and Seller, and each party shall bear his own attorney fees. This arbitration provision shall apply only to claims arising under and governed by the Act, and other claims arising under this Agreement shall not be subject to this binding arbitration clause.
The Gilberts found what they perceived to be defects and problems and were dissatisfied with Angel's attempts to remedy the alleged defects.
Thereafter, the Gilberts filed suit against Angel in the 26th Judicial District Court, asserting that Angel had breached the contract by failing to render full performance and they sought damages caused by the defects and Angel's failure to complete the construction, as well as a reduction of the purchase price based on the resultant diminution of the home's value, together with attorney's fees. Angel filed a dilatory exception of prematurity asserting that the claims set forth in the Gilberts' petition required arbitration pursuant to the terms of the parties' contract.
Angel, on February 10, 2006, filed a separate lawsuit in the 26th Judicial District Court seeking the balance due under the contract, costs of additions, extras and overages, as well as other unspecified damages and attorney fees. Also citing the arbitration provision in the construction contract, the Gilberts filed a dilatory exception of prematurity, a motion to consolidate and a rule to show cause in February 2006. A hearing on the exceptions filed in both lawsuits was held on November 6, 2006.
The trial court sustained Angel's exception of prematurity and ordered that the Gilberts' claim against the builder be submitted to arbitration. The court, however, denied the Gilberts' exception of prematurity and motion to consolidate. The court's judgments on these rulings were signed on January 18, 2007, and on February 6, 2007, the Gilberts filed a notice of intent to seek writs with this court to seek review of the trial court's rulings. This court granted the writ and for the following reasons, we find that the trial court erred in denying the Gilberts' exception of prematurity and motion to consolidate.

Discussion
The Gilberts' claim against Angel was brought under the New Home Warranty Act ("NHWA"), La. R.S. 9:3143, et seq., based upon Angel's breach of contract, i.e. *1164 the builder's alleged failure to properly construct and complete the Gilberts' home. Angel's claim against the Gilberts, which it asserted in a separately filed lawsuit, seeks the unpaid balance due under the construction contract, as well as the costs associated with extras and overages allegedly requested by the Gilberts.
As noted above, the parties provided in their contract that "Any and all claims, disputes and controversies arising under this Agreement and governed by the Act shall be submitted to arbitration." The last sentence of the arbitration clause set forth in the parties' contract provides that "This arbitration provision shall only apply to claims arising under and governed by the Act, and other claims arising under this Agreement shall not be subject to this binding arbitration clause." Clearly, the claims asserted by both parties arise under the construction contract. The issue in dispute is whether Angel's claim arises under the NHWA such that it too must be submitted to an arbitrator. We find that it does and the trial court erred in finding otherwise.
La. R.S. 9:3150 provides:
This Chapter provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements.
Louisiana courts have consistently recognized that the New Home Warranty Act ("NHWA") exclusively applies as to claims between a builder and an owner relative to construction defects in a new residence. Carter v. Duhe, 05-0390 (La.01/19/06), 921 So.2d 963; Sowers v. Dixie Shell Homes of America, Inc., 33,390 (La.App. 2d Cir.05/15/00), 762 So.2d 186, writ denied, 00-1770 (La.09/22/00), 768 So.2d 1286; Stokes v. Oster Development, Inc., 01-780 (La.App. 5th Cir.01/15/02), 807 So.2d 987.
The subject matter of, as well as the occurrences and transactions alleged in both claims are interrelated, arising out of actions, inactions or breaches of the residential construction contract. Both claims involve the Gilberts in the posture of buyers/owners and Angel as builder/seller. While the Gilberts seek damages for breach of contract arising out of defective or incomplete construction, Angel is seeking to recover money due under the same contract. Angel's defenses to the Gilberts' claim are precisely what it has alleged in its separately filed lawsuit, while the Gilberts will certainly raise as defenses to Angel's claim the allegations they have set forth in their own claim. Under the facts and circumstances of this case, it is clear that Angel's claim arises under the NHWA and is therefore subject to arbitration. To hold otherwise would be a strained interpretation of both the NHWA and the clear intent of the parties as expressed in their contract.

Conclusion
For the reasons set forth above, the ruling of the trial court denying the exception of prematurity and motion to consolidate filed by the Gilberts is hereby reversed. The matter is remanded so that the claims of both parties can be consolidated and submitted for arbitration. Costs are assessed to Robert Angel Builders, Inc.
NOTES
[1] In a previous paragraph, the contract defined the "Act" as the Louisiana New Home Warranty Act, La. R.S. 9:3143, et seq.