BROWN, Chief Judge.
 

 Lin April 2003, plaintiffs, Timothy and Karen Gilbert, contracted with defendant, Robert Angel Builder, Inc., for the construction of a home on their lot at 209 Evangeline Walk in the Oak Alley Subdivision in Bossier City, Louisiana. The residential construction contract contained an arbitration clause requiring the parties to arbitrate all claims arising under the contract. Plaintiffs found defects and problems in their home and after unsatisfactory attempts by defendant to address and remedy these concerns, plaintiffs filed suit alleging that defendant had breached the parties’ contract. Angel filed an exception of prematurity urging that the Gilberts’ claim was required to be submitted to arbitration in accordance with the terms of the parties’ contract. Defendant also filed a separate suit alleging that plaintiffs were in breach of contract for failing to pay the balance due under the contract. Plaintiffs moved for consolidation of the two actions and filed an exception of prematurity, urging that defendant’s claim also fell under the contract’s arbitration clause. The trial court denied the motion for consolidation and the exception. This court reversed and remanded for consolidation and submission of the entire matter to arbitration.
 
 See Robert Angel Builder, Inc. v. Gilbert,
 
 42,340 (La.App.2d Cir.08/15/07), 962 So.2d 1162.
 

 In accordance with the arbitration clause of the construction contract, an arbitrator with Construction Arbitration Services, Inc., was appointed to arbitrate the case. Arbitration was held at the Gilberts’ home in Oak Alley on January 23 and February 23, 2008. On April 10, 2008, the arbitrator, Ben DeVries, found that there was a mutual breach of contract in that 12defendant failed to timely repair both major and minor construction items that fell within his first year warranty obli
 
 *1112
 
 gation and that plaintiffs withheld from defendant funds due under the parties’ contract. The arbitrator then made an award in favor of plaintiffs in the amount of $184,531.65 for miscellaneous warranty repairs, repairs to the master bathroom shower, and repairs to the wood floors, part of the attorney fees requested, and litigation expenses. Defendant was awarded $20,416.88, the balance due under the parties’ contract. The net amount thus due the Gilberts was $114,114.77.
 

 Thereafter, on June 27, 2008, plaintiffs filed a motion to vacate and/or modify and correct the arbitrator’s award. This motion was denied by the trial court on July 1, 2009. Plaintiffs filed a motion and order for a devolutive appeal from the July 1, 2009, judgment on July 13, 2009. On July 9, 2009, plaintiffs filed a motion for judgment based on the arbitrator’s award, and a judgment confirming that award was signed on September 24, 2009. On October 7, 2009, a motion and order allowing plaintiffs to take a devolutive appeal from the September 24, 2009, judgment was signed. On November 13, 2009, plaintiffs requested a writ of
 
 fieri facias
 
 directing the Bossier Parish Sheriff to seize and sell defendant’s assets necessary to satisfy the September 24, 2009, judgment. Plaintiffs also requested a garnishment of defendant’s bank account. A writ of
 
 fieri facias
 
 was issued on November 18, 2009, and on December 2, 2009, a check for the amount of the judgment was sent to plaintiffs, and the writ was withdrawn on December 10, 2009. The instant appeal was filed by plaintiffs on December 7, 2009. Defendant filed a motion to dismiss plaintiffs’ appeal on | .-¡December 28, 2009. This motion to dismiss was denied, as was defendant’s request for sanctions, by this court on January 28, 2010.
 

 Discussion
 

 Before analyzing any of plaintiffs’ assignments of error related to the arbitration award, we will address those in which plaintiffs attack the validity of the parties’ contract and the arbitration clause contained in the parties’ contract.
 

 As noted by this court in
 
 Farmers Cotton Company, Inc. v. Savage,
 
 30,289 (La.App.2d Cir.06/26/98), 714 So.2d 926, 929,
 
 writ denied,
 
 98-2322 (La.11/20/98), 728 So.2d 1288, a party may not seek annulment of the underlying contract after going to arbitration and receiving an adverse judgment.
 
 See also Mt. Airy Refining Company v. Clark Acquisition, Inc.,
 
 470 So.2d 890 (La.App. 4th Cir.1985),
 
 writ denied,
 
 476 So.2d 351 (La.1985). The issue of the validity of the underlying contract is not properly raised either by a petition for confirmation of an arbitration award or by a reconventional demand seeking vacation or modification of an award.
 
 Farmers Cotton Company, Inc., supra.
 
 Furthermore, the enforcement of the right to arbitration presupposes the existence of a valid contract as a basis for invoking arbitration.
 
 George Engine Co., Inc. v. Southern Shipbuilding Corp.,
 
 350 So.2d 881 (La.1977);
 
 Sun Drilling Products Corp. v. Rayborn,
 
 97-2112 (La.App. 4th Cir.12/03/97), 703 So.2d 818,
 
 writ denied,
 
 98-0278 (La.03/13/98), 713 So.2d 475,
 
 cert, denied
 
 525 U.S. 1000, 119 S.Ct. 508, 142 L.Ed.2d 422 (1993).
 

 |4The arbitration process was initiated by plaintiffs. The construction contract was signed by plaintiffs after consultation with an attorney. The contract specifically stated in Section 12 that the home was to be built in accordance with the standards set forth by the Louisiana NHWA, and provided further that the NHWA standards were to be supplemented, not supplanted, by those set forth in the “2-10 Home Buyer’s Warranty Booklet” sections entitled “Construction Standards” and “Builder/Warrantor Responsibility.” Sec
 
 *1113
 
 tion 12 further specified that in the event there was any conflict between the standards, the NHWA standards were controlling and would apply. The arbitrator found that all items at issue in the arbitration fell under defendant’s warranty obligation under both the Louisiana NHWA and the 2-10 warranty. His awards were made accordingly. Furthermore, the trial court found no violation of the NHWA in the arbitrator’s consideration of the 2-10 warranty, and we agree.
 

 Louisiana’s binding arbitration law is set forth in La. R.S. 9:4201,
 
 et seq.
 
 Arbitration is favored in Louisiana, and arbitration awards are presumed to be valid.
 
 Farmers Cotton Co., Inc., supra; Dicorte v. Landrieu,
 
 08-0249 (La.App. 4th Cir.09/10/08), 993 So.2d 799. An arbitration award must be affirmed unless grounds are established by the party attacking the award, in accordance with Louisiana arbitration law, for the vacation, modification or correction of the award.
 
 Farmers Cotton Co., Inc. supra; Leon Angel Constructors, Inc. v. Kirk Knott Electric, Inc.,
 
 36,752 (La.App.2d Cir.01/31/03), 837 So.2d 743;
 
 Wittich v. Wittich,
 
 06-418 (La.App. 5th Cir.11/28/06), 948 So.2d 195.
 

 |<jThe grounds for vacating an arbitration award are: (A) where the award was procured by corruption, fraud, or undue means; (B) where any of the arbitrators evidenced partiality or corruption; (C) where the arbitrators refused to postpone the hearing, upon sufficient cause shown, refused to hear evidence pertinent and material to the controversy, or are guilty of any other misconduct prejudicial to the rights of any party; or (D) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. La. R.S. 9:4210.
 

 The grounds under which a district court may modify or correct an arbitration award are: (A) miscalculation of figures or incorrect description of any person, thing or property in the award; (B) where an award is rendered upon matters not subject to arbitration; or (C) imperfect form of the award. La. R.S. 9:4211.
 

 A district court reviewing an arbitration award does not sit in an appellate capacity, but confines its determination to whether there exists one or more specific grounds to modify, vacate or correct provided for in La. R.S. 9:4210 or 9:4211. A judicially created ground for vacating an arbitration award is “manifest disregard of the law,” requires more than a simple error of law; instead, it implies that an arbitrator has knowledge and appreciation of a clearly governing legal principle yet decides to pay no attention to it.
 
 Leon Angel Constructors, Inc., supra.
 

 Manifest error is not a judicially recognized ground for vacating or modifying an arbitration award.
 
 Id.
 
 Errors of fact or law do not invalidate Ran arbitration award.
 
 National Tea Co. v. Richmond,
 
 548 So.2d 930 (La.1989);
 
 Leon Angel Constructors, Inc., supru; Dicorie, supra.
 
 Absent the existence of any of the statutory or jurisprudential grounds for vacating or modifying an arbitration award, a reviewing court is prohibited from reviewing the merits of the arbitrator’s decision.
 
 Webb v. Massiha,
 
 08-226 (La.App. 5th Cir.09/20/08), 993 So.2d 345,
 
 writs denied,
 
 08-2834, 08-2845 (La.02/06/09), 999 So.2d 780, 781 (citations omitted). An appellant may not actually seek review of the merits of the case by couching its argument in terms of arbitrators having exceeded their authority.
 
 Wittich, supra; P & M Equities, Inc., v. Latter & Blum, Inc.,
 
 96-940 (La.App. 5th Cir.03/25/97), 692 So.2d 1255. Furthermore, a reviewing court may not substi
 
 *1114
 
 tute its own conclusions for that of the arbitrator.
 
 Id.
 
 As stated by the supreme court in
 
 National Tea Co.,
 
 548 So.2d at 932-33, judges are not entitled to substitute their judgment for that of the arbitrators chosen (or agreed to) by the parties.
 

 Plaintiffs first assert that the trial court failed to apply the proper standard in reviewing the arbitrator’s award. According to plaintiffs, the arbitrator had a conflict of interest; the award (which is less than that sought by plaintiffs) was procured by undue means; the arbitrator was partial; the arbitrator exceeded his powers by awarding a lesser amount than that established by the evidence and as provided for by Louisiana law; the arbitrator cast aside the applicable New Home Warranty Act standards and remedies and used standards set forth in the Construction Arbitration Services, Inc., (“CAS”) manual and 2-10 Warranty document; and the | arbitrator engaged in sanctionable conduct, resulting in a finding of contempt.
 

 There is no merit to plaintiffs’ claim that the trial court applied an erroneous standard of review. In his written opinion, the trial judge noted that: there was no judicial review of the merits; the arbitration award was conclusive and the district court does not sit in an appellate capacity, but must confine its determination to whether one of the specific statutory grounds (La. R.S. 9:4210, 9:4211) for modifying or vacating applied, or whether the arbitrator’s award reflected a “manifest disregard of the law.” The trial court then analyzed the various grounds for modifying or vacating the arbitration award and the arguments raised by plaintiffs before concluding that none were applicable.
 

 We can summarily address and dismiss plaintiffs’ contentions regarding the arbitrator’s alleged conflict of interest and bias. The record is completely devoid of any objection (prior to the arbitration award’s rendering) by plaintiffs to the arbitrator appointed in this matter. Furthermore, there is absolutely no evidence of any relationship, improper or otherwise, between the arbitrator, Ben DeV-ries, and defendant. While DeVries does serve as a CAS arbitrator, his fee is paid by the parties, and the CAS arbitration rules which, as agreed to by the parties, governed this arbitration, clearly state that CAS shall appoint arbitrators from its panel of persons knowledgeable in residential construction. There is likewise no evidence of bias in this record.
 
 [1]
 

 |sAs for plaintiffs’ claims that the arbitrator’s award was procured by “undue means,” the arbitrator exceeded his powers by awarding a lesser amount than that established by the evidence and
 
 *1115
 
 as provided by applicable law, and the arbitrator did not use standards and remedies set forth in the NHWA but used those set forth in the CAS manual and 2-10 Warranty document, we find these to be nothing more than attacks on the merits of the case which were recognized and addressed as such by the trial court. “Undue means” denotes use of misconduct or other gross deviation from normal arbitration to procure an award, and does not embrace a questionable conclusion drawn from conflicting evidence.
 
 See, Firmin v. Garber,
 
 353 So.2d 975 (La.1977). As noted by this court in
 
 Leon Angel Constructors, Inc.,
 
 837 So.2d at 746, an arbitrator’s award may not be modified or vacated on the basis of the arbitrator’s resolution of disputed facts. Likewise, our review of the arbitrator’s decision shows that he made his findings and awards based upon the NHWA and other applicable legal principles.
 

 19PIaintiffs next urge that the trial court erred in failing to vacate and/or modify and correct the arbitrator’s award in the following respects: by failing to award all proven damages; by failing to award plaintiffs all of their requested attorney fees, litigation expenses, expert witness fees, court costs and judicial interest; and by failing to vacate the award in favor of defendant due to his lack of substantial completion and noncompliance with the contract.
 

 Again, these are all arguments which attack the merits of the arbitrator’s decision, and we will not review the award for errors of law or fact. For each of the above issues raised by plaintiffs, i.e., the proper amount of damages, the amount of attorney fees, expenses, court costs and interest to be awarded, and whether there was substantial completion and/or compliance with the contract by defendant, there was testimony and evidence presented by both parties, and the arbitrator’s findings clearly have basis in the record. This was a very complex and complicated case, and the evidence submitted by both parties was considerable. After reviewing this evidence, a court may well have reached different conclusions as to certain aspects of the case, but we emphasize that a court may not substitute its conclusions for those of the arbitrator.
 
 See MMR-Radon Constructors, Inc. v. Continental Insurance Co.,
 
 97-0159 (La.App. 1st Cir.03/03/98), 714 So.2d 1,
 
 writ denied,
 
 98-1485 (La.09/04/98), 721 So.2d 915.
 

 11flConclusion
 

 For the reasons set forth above, the trial court’s judgment denying plaintiffs’ motion to vacate and/or modify and correct the arbitration award is AFFIRMED. Costs are assessed to plaintiffs, Timothy and Karen Gilbert.
 

 [1]
 

 . We note that following the second day of arbitration and submission of the matter for decision by the arbitrator, for some undisclosed reason and apparently pursuant to his misinterpretation of the CAS Rules of Arbitration and applicable evidentiary rules, the arbitrator destroyed the entirety of the exhibits submitted by both parties. This was prejudicial to both parties; the arbitrator's award in favor of plaintiffs, while attacked by plaintiffs as inadequate, could have also been challenged by defendant. Plaintiffs were required, at their own cost, to recreate the evidentiary submissions and to obtain a transcript of the arbitration proceeding in conjunction with their motion to vacate or modify and correct the arbitrator’s award. This post-arbitration mistake which affected both parties, however, does not negate the fact that the arbitration process itself was fundamentally fair. In other words, the arbitrator afforded the parties with an opportunity to be heard and present relevant and material evidence and argument before the arbitrator.
 
 See Pennington v. CUNA Brokerage Securities, Inc.,
 
 08-0589 (La.App. 1st Cir. 10/01/08), 5 So.3d 172,
 
 writ denied,
 
 08-2600 (La.01/09/09), 998 So.2d 723, citing
 
 Sheldon v. Vennonty,
 
 269 F.3d 1202 (10th Cir.(Kan.) Oct. 31, 2001).