| CARVER THEATER, LLC, | * | NO. 2024-CA-0468 |
| CARVER THEATER | | |
| PRODUCTIONS, LLC, AND | * | |
| THE JOINT VENTURE OF | | COURT OF APPEAL |
| CARVER THEATER, LLC, | * | |
| CARVER THEATER | | FOURTH CIRCUIT |
| PRODUCTIONS, LLC, AND | * | |
| WM ADVISORS ENTERPRISE, | | STATE OF LOUISIANA |
| LLC | * * * * * * * | |

**VERSUS**

**KRISTEN L. MELANCON, WM
ADVISORS ENTERPRISE,
LLC, AND BY EQUITIES, LLC**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-03364, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

***LEDET, J., DISSENTING IN PART WITH REASONS***

Dominic J. Gianna
William D. Aaron, Jr.
DeWayne L. Williams
AARON & GIANNA, PLC
201 St. Charles Avenue, Suite 3800
New Orleans, LA 70170-3800

      COUNSEL FOR PLAINTIFF/APPELLEE

Charles L. Stern, Jr.
STEEG LAW FIRM, LLC
201 St. Charles Avenue, Suite 3201
New Orleans, LA 70170

Laura Cannizzaro Rodrigue
Blake J. Arcuri
RODRIGUE & ARCURI, LLP
1615 Poydras Street, Suite 1250
New Orleans, LA 70112

Martin A. Stern
Raymond P. Ward
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

    COUNSEL FOR DEFENDANTS/APPELLANTS

**MOTION TO DISMISS DENIED;**
**AFFIRMED**
**MAY 5, 2025**

This is an arbitration case. Defendants/appellants, Kristen L. Melancon, WM Advisors Enterprise, LLC, BY Equities, LLC, and Bob Yari (collectively "Appellants"), appeal the district court's March 22, 2024 judgment granting the motion to vacate arbitration award, filed by plaintiffs/appellees, Carver Theater, LLC and Carver Theater Productions, LLC (collectively, the "Theater"). For the reasons that follow, we affirm the judgment.

### FACTS AND PROCEDURAL HISTORY

The underlying dispute stems from a purported joint venture concerning operation of the historic Carver Theater in New Orleans, Louisiana. The Theater claims that Appellants used insider information to take advantage of a business opportunity that belonged to the Theater. According to the Theater, Kristen L. Melancon ("Melancon") and/or her management company, WM Advisors Enterprise, LLC ("WMA"), furnished proprietary information to BY Equities, LLC ("BY") and/or its member Bob Yari. The Theater alleges that Melancon and WMA facilitated BY's purchase of a loan on the Theater's property, at a substantial

1

discount, before the Theater could acquire the loan; thereafter, BY sought to collect and/or foreclose on the loan, to the Theater's detriment.

The parties entered into multiple agreements relevant to this matter. On March 16, 2018, the Theater and WMA executed a Memorandum of Understanding ("MOU"), which contemplated organizing a joint venture between the Theater and WMA regarding the Theater's management and operations. The MOU contained the following arbitration provision:

> **10. Governing law.** This memorandum of understanding shall be governed by and construed in accordance with the laws of the State of Louisiana. Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial [or other] Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

On January 23, 2019, the Theater and WMA executed a Finder's Fee Agreement (without any arbitration provision) concerning finding a buyer for the Theater's property.

On April 28, 2020, the Theater filed a petition for damages in the district court. On August 6, 2020, Appellants filed an exception of prematurity, seeking to invoke the arbitration provision in the MOU. The Theater opposed the exception, arguing in part that the MOU was ineffective because WMA and Melancon failed to perform any duties thereunder, including forming the contemplated joint venture and acting as the manager. The Theater amended its petition thereafter to remove references to the MOU, which it claimed did not apply, and raised claims under the

Finder's Fee Agreement. Following the amendments to the Theater's petition, the district court held a hearing on July 8, 2021, where the court took the exception under advisement. After another amendment to the Theater's petition, an additional hearing went forward on March 31, 2022. In an April 27, 2022 judgment, the district court granted the exception of prematurity and this Court denied the Theater's supervisory writ application. The matter proceeded to arbitration, which concluded on December 19, 2023, wherein the arbitrators found in favor of Appellants.

On January 12, 2024, the Theater filed a motion to lift the stay and vacate the arbitration award, arguing that the award was procured by fraud or undue means. Specifically, the Theater argued that Appellants represented to the district court that the arbitration clause within the MOU was enforceable, as a result of which the district court ordered the stay pending arbitration; however, once before the arbitration panel, Appellants argued that the MOU was ineffective. The district court agreed with the Theater's arguments, and following a hearing on March 8, 2024, the court granted the motion to vacate from the bench, reasoning that Appellants misrepresented to the court that the MOU as a whole was valid. The district court rendered a written judgment to this effect, dated March 22, 2024. Appellants filed an application for supervisory writs and a motion for devolutive appeal. This Court denied the writ application, and the appeal is presently before us.

## LAW AND ANALYSIS

**Motion to Dismiss Appeal**

As a preliminary matter, the Theater filed a motion to dismiss this appeal arguing, primarily, that Appellants originally raised the same issues in a writ application, which this Court denied, using the language "no manifest error." We find the motion without merit. Judgments vacating an arbitration award are appealable under La. R.S. 9:4215.[1] Also, the prior writ denial has no precedential value. *See Nabors Offshore Corp. v. Caterpillar Inc.*, 16-0003, p. 5 (La. App. 4 Cir. 11/30/16), 204 So.3d 1068, 1071. "[A]ny language in the court of appeal's earlier writ denial purporting to find no error in the trial court's certification ruling is without effect." *Davis v. Jazz Casino Co., L.L.C.*, 03-0276, p. 1 (La. 6/6/03), 849 So.2d 497, 498. We deny the motion to dismiss and address the merits of the appeal.

**Assignments of Error**

On appeal, Appellants argue that the district court erred in two respects: (1) in failing to apply the federal severability doctrine; and (2) in finding that the Theater proved grounds for vacating the arbitrators' award.[2]

---

[1] "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action." La. R.S. 9:4215.

[2] Appellants set forth multi-part assignments of error as follows:

1. In holding that validity of the arbitration agreement depended on validity of the contract containing it, the district court committed legal error by failing to apply the well-established severability doctrine.

2. Because Carver [Theater] failed to prove grounds for vacating the arbitrators' award, the district court erred in vacating it.

**Standard of Review and Applicable Principles**

Appellate courts review a judgment confirming or vacating an arbitration award *de novo*. *Goodrich Petroleum Co., LLC v. MRC Energy Co.*, 13-1435, p. 12 (La. App. 4 Cir. 4/16/14), 137 So.3d 200, 207. A district court's ruling to confirm or vacate an arbitration award invokes a legal issue, and the reviewing court's role is to determine whether that ruling was legally correct or incorrect. *Id.*, 13-1435, p. 13, 137 So.3d at 207.

Arbitration is a substitute for litigation, and its purpose is to settle the parties' differences in a fast, inexpensive manner and in a tribunal chosen by them. *Crescent Prop. Partners, L.L.C. v. Am. Mfrs. Mut. Ins. Co.*, 14-0969, p. 7 (La. 1/28/15), 158 So.3d 798, 804 (quoting *Nat'l Tea Co. v. Richmond*, 548 So.2d 930, 933 (La. 1989)). "That purpose is thwarted when parties seek judicial review of an arbitration award." *Id*. Because of the strong public policy favoring arbitration in Louisiana, courts must presume that arbitration awards are valid. *Id*., 14-0969, p. 6, 158 So.3d at 803; *Dicorte v. Landrieu*, 08-0249, p. 3 (La. App. 4 Cir. 9/10/08), 993 So.2d 799, 801. "Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties." *Crescent Prop. Partners, L.L.C.*, 14-0969, p. 6, 158 So.3d at 803.

---

a. Reliance on the well-established severability doctrine is not "fraud."

b. Carver [Theater] failed to timely raise the so-called "fraud" issue in the arbitration, choosing instead to raise it only after the arbitrators rejected Carver's claim on the merits.

c. The so-called "fraud" had no bearing on the arbitrators' award.

"[E]rrors of fact or law do not invalidate a fair and honest arbitration award." *Mack Energy Co. v. Expert Oil & Gas, L.L.C.*, 14-1127, p. 7 (La. 1/28/15), 159 So.3d 437, 442 (quotations omitted). "By consensually substituting arbitration for litigation, the parties are presumed to accept the risk of procedural and substantive mistakes of either fact or law by the arbitrators, which mistakes are not reviewable by the courts." *Goodrich Petroleum Co., L.L.C.*, 13-1435, p. 3, 137 So.3d at 202-03.

"A district court's review of an arbitration award is extraordinarily narrow." *Id.*, 13-1435, p. 12, 137 So.3d at 207. "A court does not ordinarily sit in an appellate capacity over an arbitration panel"; instead, the district court is confined to determine only whether one or more specific grounds exists to invalidate the award as set forth in the applicable statute, La. R.S. 9:4210. *Crescent Prop. Partners, L.L.C.*, 14-0969, p. 7, 158 So.3d at 804. The party attacking the arbitration award bears the burden of proof. *Id.*

**Federal Law: Severability**

The district court vacated the arbitration award because it found that Appellants misrepresented in their exception of prematurity that the MOU was valid, as a whole, and contained a valid arbitration agreement. Appellants assert that, in reaching this conclusion, the district court misunderstood and failed to apply federal arbitration law. Appellants further argue that, under the severability doctrine, the arbitrator – not the district court – determines whether the MOU is valid; thus, federal law permitted Appellants to argue to the district court that the

6

arbitration clause was binding but the MOU as a whole was not effective. We disagree.[3]

Appellants argue that the Theater's claims are governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1, *et seq.* They couch the federal severability doctrine (also referred to as the separability doctrine) as the key to this appeal. This Court explained that under the severability doctrine,

(i)     an arbitration clause is severable from the remainder of the contract; and

(ii)    unless the challenge is to the arbitration clause itself, the issue of the contract's validity is decided by the arbitrator.

*Saavedra v. Dealmaker Devs., LLC*, 08-1239, p. 9 (La. App. 4 Cir. 3/18/09), 8 So.3d 758, 764. Appellants' contention that federal law applies is premised on its claim that the underlying dispute involves or affects interstate commerce. "The FAA has been construed as reflecting Congress' intent to exercise the commerce power to the fullest extent, and the phrase 'involving interstate commerce' in Section 2 of the FAA has been construed to mean 'affecting' interstate commerce." *Saavedra*, 08-1239, p. 5, 8 So.3d at 762 (*citing Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 275-74, 115 S.Ct. 834, 839, 130 L.Ed.2d 753 (1995)).

Appellants rely on *Saavedra* in asserting that the MOU affects interstate commerce and is governed by the FAA. In *Saavedra*, this Court determined that a contract entered into between a Louisiana resident and a Florida resident for the purchase of property in Texas affected interstate commerce. *Saavedra*, 08-1239, p.

---

[3] Because of the conclusions we reach in this opinion, we do not address whether the MOU meets the legal requirements to be considered a contract.

5, 8 So.3d at 762. Appellants contend that they reside in California and Nevada and the Theater parties and property in dispute are located in Louisiana. The MOU, however, reflects only the involvement of Louisiana parties. The MOU identifies WMA, Carver Theater, LLC, and Carver Theater Productions, LLC as Louisiana limited liability companies. The purported joint venture LLC was to have a registered address in Louisiana. The Carver Theater property is located in Louisiana. The MOU provided that it "shall be governed by and construed in accordance with the laws of the State of Louisiana." The only reference to any other state appears in the MOU's letterhead, which contains a mere address for WMA in California; however, WMA is identified in the MOU as a Louisiana LLC with a Louisiana address. No Nevada resident is identified as a party to the MOU. We find *Saavedra* distinguishable.

Rather, this case more closely reflects the lack of nexus in *Hawney v. Unique Furniture Source, Inc*., 22-0268, p. 4 (La. App. 4 Cir. 11/2/22), 351 So.3d 806, 809. In *Hawney*, this Court recognized no nexus to interstate commerce where "all parties to the contract are Louisiana citizens/residents, and their transactions have no effect on interstate commerce. Thus, the FAA does not automatically preempt state law in this case." *Id.* Rather, the *Hawney* Court recognized that the "Louisiana Binding Arbitration Act (LBAA) governs, and La. R.S. 9:4201 requires that the validity of the entire contract be determined by the district court rather than at arbitration." *Id.*, 22-0268, p. 4, 351 So.3d at 810.[4]

---

[4] As with the MOU under consideration, the arbitration clause in *Hawney* invoked the American Arbitration Association (AAA) Commercial Rules. We reject Appellants' suggestion that the

We find that the MOU lacks a nexus to interstate commerce, and the FAA does not apply. This assignment lacks merit.

**Statutory Grounds for Vacating Arbitration Award**

We next resolve whether the statutory grounds for vacating the arbitration award were satisfied. The exclusive grounds under La. R.S. 9:4210 are as follows:

> A. Where the award was procured by corruption, fraud, or undue means.
>
> B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
>
> C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
>
> D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The district court granted the Theater's motion, brought under La. R.S. 9:4210(A), citing Appellants' conduct. The district court explained in open court, that it "vacat[ed] the arbitration award based on the fact that there was a misrepresentation to this Court that the agreement underneath it had a valid arbitration clause as well as every other tenet." As the district court pointed out, the case "would not have been in front of the [arbitration] panel but for the representation to this Court that there was an arbitration clause that was valid in a

_____

AAA Rules, without more, require federal preemption and the severability doctrine. Moreover, Appellants' reliance on *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016) is misplaced, because the *Cooper* agreement affected interstate commerce and involved federal regulation of investment advisors.

contract. . . ." We agree with the district court's reasoning, and we find that Appellants procured the arbitration award through undue means under La. R.S. 9:4210(A).

"Under subsection A, the term undue means takes color from the words with which it is associated: corruption and fraud." *Firmin v. Garber*, 353 So.2d 975, 977 (La. 1977). " 'Undue means' denotes use of misconduct or other gross deviation from normal arbitration to procure an award. . . ." *Gilbert v. Robert Angel Builder, Inc.*, 45,184, p. 8 (La. App. 2 Cir. 4/14/10), 34 So.3d 1109, 1115 (citing *Firmin*, 353 So.2d at 977); *Hill v. Cloud*, 26,391, p. 8 (La. App. 2 Cir. 1/25/95), 648 So.2d 1383, 1388. Conversely, a merely questionable conclusion, drawn from conflicting evidence, does not equate to misconduct or use of undue means. *Gilbert*, 45,184, p. 8, 34 So.3d at 1115 (citing *Firmin*, 353 So.2d at 977-78); *Hill*, 26,391, p. 8, 648 So.2d at 1388.

Appellants insist that the Theater failed to satisfy a three-part test that federal courts developed to determine whether an arbitration award should be vacated for fraud. They claim, under *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir. 1988), the attacking party must: (1) establish the fraud by clear and convincing evidence; (2) prove that the fraud was not discoverable by exercising due diligence before or during the arbitration; and (3) demonstrate that the fraud materially related to an issue in the arbitration. Louisiana courts have not adopted this test with respect to undue means, and we have already declined to apply federal arbitration law to the facts of this case.

We find that Appellants engaged in undue means by undertaking inconsistent positions and unfair forum shopping to obtain a favorable arbitration award. In seeking an exception of prematurity and a stay pending arbitration, Appellants' express position was that the MOU was valid and mandated arbitration. At no point in that proceeding did Appellants merely argue that the arbitration provision alone was severable and valid, even if the underlying MOU was invalid or ineffective. Nevertheless, at arbitration, Appellants argued for the first time that the MOU was ineffective and Melancon testified that she had no intention of abiding by its terms.

Appellants characterize their actions as merely "taking the position in court that the MOU's arbitration agreement remained enforceable and later taking the position in arbitration that the MOU as a whole either terminated or never became effective." Melancon and WMA argue that they "could (and did) properly seek enforcement of the MOU's arbitration agreement while otherwise contesting the MOU's validity." Appellants' severability arguments are belied by their previous contentions. We find particularly striking Appellants' statements opposing the Theater's claims that the MOU was ineffective. In their supplemental memorandum in support of the exception of prematurity, Appellants deliberately argued:

> plaintiffs' insistence that the MOU is "completely ineffective" misreads the contract. Paragraph 7 of the MOU provides that it "shall enter into force upon signature by the duly authorized representatives of the parties." As all parties described in the MOU signed the document in March 2018, the contract came "into force"

> then. Further, the MOU expressly provides that it "will serve in place of definitive agreement until such is entered into."
>
> Plaintiffs desperately want to avoid arbitration. But they cannot avoid the MOU, upon which they relied in earlier pleadings to establish the existence of a joint venture.

The district court's decision did not employ any improper review or reevaluation of the facts decided in arbitration. Rather, the district court found that Appellants' conduct of concealing their true position and evidence on the MOU's validity was a misrepresentation to the court. Through that misrepresentation, Appellants obtained an arbitration forum and favorable award. The court emphasized that, but for the exception of prematurity and the representations made to the district court at that stage, "they may not have gone to arbitration. They would have been litigated in this Court two years ago." The district court reasonably determined that that Appellants' actions implicated one of the statutory grounds warranting vacatur of the arbitration award.

The law cannot permit such gamesmanship. Appellants affirmatively represented to the district court that the MOU was valid and binding, not merely that the arbitration clause could be severed, but that the MOU itself had "enter[ed] into force" and governed the parties' relationship. The Theater relied on those representations, as did the district court, which stayed the litigation and compelled arbitration. Only after securing the benefits of arbitration did Appellants deny the very validity they had invoked. Such conduct constitutes undue means within the meaning of La. R.S. 9:4210(A) and compels vacatur of the arbitration award.

To permit such conduct would have adverse consequences. If a party could affirm the validity of an agreement solely to secure arbitration, and later disavow that agreement to defeat substantive claims, courts would become unwitting instruments of forum manipulation. Litigation would no longer depend on the merits but on a party's tactical willingness to reverse sworn positions once jurisdiction had shifted. Judicial efficiency, fairness, and the finality of preliminary rulings would all be compromised.

A party is permitted to refine legal theories as a case develops but it is not permitted to present factual assertions to a court as true, secure a procedural ruling based on those assertions, and then reverse position once the strategic advantage is obtained. Such conduct is not ordinary litigation strategy but it is a misrepresentation that compromises the integrity of judicial proceedings.

Based on these reasons, we conclude that the award was procured by undue means within the meaning of La. R.S. 9:4210(A). We affirm the district court's ruling.

## CONCLUSION

Accordingly, for the reasons set forth in this opinion, we deny the motion to dismiss the appeal, and we affirm the judgment of the district court.

**MOTION TO DISMISS DENIED;
AFFIRMED**